UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VINCENT SANDOVAL,

     Petitioner,

v.                                   Case No. 8:09-cv-1528-T-23MAP

SECRETARY, Department of Corrections,

     Respondent.

_____/

## O R D E R

Sandoval petitions under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges his conviction for sexual battery on a child under the age of twelve, for which convictions Sandoval serves life imprisonment.  Numerous exhibits ("Respondent's Exhibit __") support the response.  (Doc. 19)  The respondent argues that some grounds are not fully exhausted.  The respondent incorrectly argues that a portion of ground one is unexhausted.  The respondent admits the petition's timeliness.  (Response at 10, Doc. 19)

## FACTS

*Sandoval v. State*, 884 So. 2d 214, 215 (2DCA Fla. 2004), recites the following facts:

> Approximately eighteen years after the fact, Sandoval's great nephew accused Sandoval of fondling him when the nephew was seven years old.  Based on the nephew's testimony at trial, the jury convicted Sandoval of capital sexual battery.  . . .  Sandoval maintains his innocence of the charge and asserts that

his nephew had a drug problem, stole from him, and concocted false allegations of sexual battery when Sandoval threatened to report the theft to police.

Although not revealed to the jury, the nephew reported his abuse after seeing a story in a newspaper that defendant was arrested for lewd and lascivious behavior.

## **STANDARD OF REVIEW**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Wilcox v. Florida Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). Section 2254(d), which creates a highly deferential standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States" or (2) "involved an unreasonable application of . . . clearly

established Federal law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one."  *Bell v. Cone*, 535 U.S. at 694.  "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 786-87 (2011).  *Accord Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide.").  The phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision."  *Williams v. Taylor*, 529 U.S. at 412.

The purpose of federal review is not to re-try the state case.  "The [AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law."  *Bell v. Cone*, 535 U.S. 685, 693  (2002).  A

federal court must afford due deference to a state court's decision.  "AEDPA prevents

defendants—and federal courts—from using federal habeas corpus review as a vehicle

to second-guess the reasonable decisions of state courts." *Renico v. Lett*, ____ U.S.

____, 130 S. Ct. 1855, 1866 (2010).  *See also Cullen v. Pinholster*, ___ U.S. ___, 131 S.

Ct. 1388, 1398 (2011) ("This is a 'difficult to meet,' . . . and 'highly deferential

standard for evaluating state-court rulings, which demands that state-court decisions

be given the benefit of the doubt' . . . .") (citations omitted).

On his direct appeal Sandoval succeeded in having his sentence vacated.

*Sandoval v. State*, 884 So. 2d 214 (2nd DCA 2004).  Upon remand, the same sentence

was imposed.  In a *per curiam* decision without a written opinion the state appellate

court on direct appeal affirmed Sandoval's convictions and sentence.  (Respondent's

Exhibit  16)  Similarly, in another *per curiam* decision without a written opinion the

state appellate court affirmed the denial of Sandoval's subsequent Rule 3.850 motion

to vacate.  (Respondent's Exhibit 37)  The state appellate court's *per curiam*

affirmances warrant deference under Section 2254(d)(1) because "the summary nature

of a state court's decision does not lessen the deference that it is due." *Wright v.

Moore*, 278 F.3d 1245, 1254 (11th Cir.), *reh'g and reh'g en banc denied*, 278 F.3d 1245

(2002), *cert. denied sub nom Wright v. Crosby*, 538 U.S. 906 (2003).  *See also Richter*, 131

S. Ct. at 784-85 ("When a federal claim has been presented to a state court and the

state court has denied relief, it may be presumed that the state court adjudicated the

claim on the merits in the absence of any indication or state-law procedural principles to the contrary.").

Review of the state court decision is limited to the record that was before the state court.

> We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.  Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law.  This backward-looking language requires an examination of the state-court decision at the time it was made.  It follows that the record under review is limited to the record in existence at that same time, i.e., the record before the state court.

*Pinholster*, 131 S. Ct. at 1398.  Sandoval bears the burden of overcoming by clear and convincing evidence a state court factual determination.  "[A] determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  This presumption of correctness applies to a finding of fact but not to a mixed determination of law and fact.  *Parker v. Head*, 244 F.3d 831, 836 (11th Cir.), *cert. denied*, 534 U.S. 1046 (2001).  The state court's rejection of Sandoval's post-conviction claims warrants deference in this case.  (Order Denying Motion for Post-Conviction Relief, Respondent's Exhibits 32 and 33)

## EXHAUSTION AND PROCEDURAL DEFAULT

The respondent contends that part of ground one is unexhausted because Sandoval failed to present the claim to the state courts.  A petitioner must present each claim to a state court before raising the claim in federal court.  "[E]xhaustion of

state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995), *Picard v. Connor*, 404 U.S. 270, 275 (1971). *Accord Rose v. Lundy*, 455 U.S. 509, 518-19 (1982) ("A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error."), and *Upshaw v. Singletary*, 70 F.3d 576, 578 (11th Cir. 1995) ("[T]he applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated."). Also, a petitioner must present to the federal court the same claim presented to the state court. *Picard v. Connor*, 404 U.S. at 275 ("[W]e have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."). "Mere similarity of claims is insufficient to exhaust." *Duncan v. Henry*, 513 U.S. at 366.

Sandoval's ground one alleges that trial counsel rendered ineffective assistance by both failing to seek dismissal of the indictment as overly broad and failing to move for a new trial or to move in arrest of judgment. The respondent contends that Sandoval failed to present the second component of this ground. Sandoval presented both components in ground one of his state motion for post-conviction relief. (Respondent's Exhibit 31 at 6-8) The post-conviction court's order (Respondent's Exhibit 32 at 40) explicitly rejects the first component but, as shown later when

addressing ground one, the order also implicitly rejects the second component.  The

lack of an explicit rejection of the second component is inconsequential.  *Smith v.*

*Digmon*, 434 U.S. 332, 333 (1978) ("It is too obvious to merit extended discussion that

whether the exhaustion requirement of 28 U.S.C. §§ 2254(b) has been satisfied cannot

turn upon whether a state appellate court chooses to ignore in its opinion a federal

constitutional claim squarely raised in petitioner's brief in the state court, and, indeed,

in this case, vigorously opposed in the State's brief.").

## INEFFECTIVE ASSISTANCE OF COUNSEL

Sandoval claims ineffective assistance of counsel, a difficult claim to sustain.

"[T]he cases in which habeas petitioners can properly prevail on the ground of

ineffective assistance of counsel are few and far between."  *Waters v. Thomas*, 46 F.3d

1506, 1511 (11th Cir. 1995) (*en banc*) (*quoting Rogers v. Zant*, 13 F.3d 384, 386 (11th

Cir. 1994)).  *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective

assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and
> well documented.  In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052,
> 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for
> analyzing ineffective assistance of counsel claims.  According to *Strickland*,
> first, the defendant must show that counsel's performance was deficient.  This
> requires showing that counsel made errors so serious that counsel was not
> functioning as the "counsel" guaranteed the defendant by the Sixth
> Amendment.  Second, the defendant must show that the deficient performance
> prejudiced the defense.  This requires showing that counsel's errors were so
> serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
> *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Sandoval must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691-92. To meet this burden, Sandoval must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." 466 U.S. at 690-91. Sandoval cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992). *Accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable . . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (*en banc*) (*quoting Burger v. Kemp*, 483 U.S. 776, 794 (1987)). *See also Jones v. Barnes*, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).

Sandoval must prove that the state court's decision was "(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State

court proceeding." 28 U.S.C. § 2254(d). Sustaining a claim of ineffective assistance

of counsel is very difficult because "[t]he standards created by *Strickland* and § 2254(d)

are both 'highly deferential,' and when the two apply in tandem, review is 'doubly'

so." *Richter*, 131 S. Ct. at 788. *See also Pinholster*, 131 S. Ct. at 1410 (A petitioner

must overcome this "'doubly deferential' standard of *Strickland* and the AEDPA."),

and *Johnson v. Sec'y, Dep't of Corr.*, 643 F.3d 907, 911 (11th Cir. 2011) ("Double

deference is doubly difficult for a petitioner to overcome, and it will be a rare case in

which an ineffective assistance of counsel claim that was denied on the merits in state

court is found to merit relief in a federal habeas proceeding.").

The state court summarily denied some claims of ineffective assistance of

counsel and denied the remaining claims after conducting an evidentiary hearing.

Because the state court specifically recognized (Respondent's Exhibit 32 at 39-40) that

*Strickland* governs each claim of ineffective assistance of counsel, Sandoval cannot

meet the "contrary to" test in Section 2254(d)(1). Sandoval instead must show that

the state court unreasonably applied *Strickland* or unreasonably determined the facts.

In determining "reasonableness," a federal petition for the writ of habeas corpus

authorizes determining only "whether the state habeas court was objectively

reasonable in its *Strickland* inquiry," not an independent assessment of whether

counsel's actions were reasonable. *Putnam v. Head*, 268 F.3d 1223, 1244, n.17 (11th

Cir. 2001), *cert. denied*, 537 U.S. 870 (2002). The presumption of correctness and the

highly deferential standard of review requires that the analysis of each claim begin with the state court's analysis.

Ground One:

Sandoval alleges that trial counsel rendered ineffective assistance by not seeking dismissal of the indictment as overly broad and moving for a new trial or moving in arrest of judgment because the indictment was overly broad. The post-conviction court summarily rejected these claims (Respondent's Exhibit 32 at 40) (citations to record omitted):

> Defendant claims counsel was ineffective for failing to file a motion to dismiss the information as defective. Defendant claims the information, which alleged the offense to have occurred between January 1, 1983, and December 31, 1983, was overly broad due to the time span. Defendant's claim is without merit. An information does not necessarily have to state an exact date of offense if the date is not known. *See Lightbourne v. State*, 438 So. 2d 380 (Fla. 1983). The information is deemed sufficient if it alleges that an offense occurred within stated specific time limits. *Id.* It is clear from the trial testimony that the State could not have provided a more specific time period because the victim was only seven years old at the time of offense and was not sure of the exact date. This claim is denied.

Sandoval was charged with capital sexual battery for having abused his great nephew eighteen years earlier when the victim was seven years old. The indictment charged that Sandoval committed this offense sometime during 1983. The victim was able to narrow that period to sometime during the school year in 1983. The state court determined that, because a narrower period was not possible, as a matter of state law the indictment was not defective.

*Dell'Orfano v. State*, 616 So. 2d 33, 35 (Fla. 1993), recognizes the competing interests between enforcing child abuse laws and a defendant's need to mount a defense:

> The present case poses two conflicting public policy concerns that the Court must reconcile. First is the strong interest in eliminating the sexual abuse of children through vigorous enforcement of child-abuse laws. We recognize that young children often are unable to remember the specific dates on which they were abused. Second is the strong interest of defendants in being apprised of the charges against them such that they can prepare an adequate defense.

In rejecting a specific period as a bright-line rule, *Dell'Orfano*, 616 So. 2d at 35, accepted a "twenty-seven month period" as not overly broad and determined that a "multi-year period clearly would be excessive where the State is able to narrow the time-frame further but simply refuses to do so in the charging instrument, in a statement of particulars, or during discovery." If "the State shows that it cannot narrow the timeframe, the burden shifts to the defendant to show that the defense more likely than not will be prejudiced by the length of the timeframe." *Easterly v. State,* 22 So.3d 807, 813 (1st DCA Fla. 2009) (applying *Dell'Orfano*). In rejecting Sandoval's claim the post-conviction court determined that, based on the testimony at trial, "the State could not have provided a more specific time period . . . ."

A federal district court must defer to the state court's application of state law.

> A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved. State courts are the ultimate expositors of their own state's laws, and federal courts entertaining petitions for writs of habeas corpus are bound by the construction placed on a state's criminal statutes by the courts of the state except in extreme cases.

*McCullough v. Singletary*, 967 F.2d 530, 535-36 (11th Cir. 1992) (citation omitted), *cert. denied*, 507 U.S. 975 (1993). *See also Marshall v. Lonberger*, 459 U.S. 422, 438, n. 6, (1983) ("[T]he Due Process Clause does not permit the federal courts to engage in a finely tuned review of the wisdom of state evidentiary rules."). Sandoval fails to show that the state court's rejection of his claim of ineffective assistance of counsel is an unreasonable application of *Strickland*. Ground one lacks merit.

Ground Two:

Sandoval alleges that trial counsel rendered ineffective assistance by not requesting a jury instruction on lesser-included offenses. The post-conviction court summarily rejected this claim (Respondent's Exhibit 32 at 40):

> Defendant claims counsel was ineffective for failing to request lesser included offenses. As defendant states in his motion, lesser included offenses were not available because the statute of limitations would have run on the offenses. Additionally, counsel cannot be ineffective for failing to request lesser included offenses of an offense for which the defendant has been convicted. *See Sanders v. State*, 2006 WL 2883103 (Fla. October 12, 2006) (Court stated that it could not find a "substantial possibility that a jury which has found every element of an offense proved beyond a reasonable doubt, would have, given the opportunity, ignored its own findings of fact and the trial court's instruction on the law and found a defendant guilty of only a lesser included offense."). This claim is denied.

The post-conviction court determined that state law precluded presenting jury instructions on lesser-included offenses. A federal district court must defer to the state court's application of state law. As a consequence, Sandoval fails to show that the state court's rejection of his claim of ineffective assistance of counsel is an unreasonable application of *Strickland*.

Under similar circumstances, *Sabillo v. Sec'y, Dep't of Corr.*, 355 Fed. App'x 346, 349 (11th Cir. 2009), rejected entitlement to lesser-included jury instructions:

> The decision of the state court that Sabillo was not entitled to an instruction about third degree murder was not contrary to or an unreasonable application of federal precedent. Sabillo argues that due process required that he receive a lesser-included instruction, but the Supreme Court has never addressed "whether the Due Process Clause would require the giving of such instructions in a noncapital case." *Beck v. Alabama*, 447 U.S. 625, 635, 100 S. Ct. 2382, 2389, 65 L. Ed. 2d 392 (1980). The Court has since suggested that it would not extend its reasoning in *Beck*. *See Howell v. Mississippi*, 543 U.S. 440, 444-45, 125 S. Ct. 856, 859, 160 L. Ed. 2d 873 (2005) ("The Mississippi Supreme Court . . . holds that [ Beck is] inapplicable where the jury has the additional option of life imprisonment—a conclusion that finds some support in our cases, *see Hopkins v. Reeves*, 524 U.S. 88, 98, 118 S. Ct. 1895, 141 L. Ed. 2d 76 (1998); *Schad v. Arizona*, 501 U.S. 624, 646, 111 S. Ct. 2491, 115 L. Ed. 2d 555 (1991)."
>
> Sabillo also has not established that the decision of the state courts to deny his ineffectiveness argument is contrary to or an unreasonable application of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The state courts concluded that Sabillo was not entitled to an instruction about third degree murder based on the evidence at trial, and we defer to that conclusion. *See Callahan v. Campbell*, 427 F.3d 897, 932 (11th Cir. 2005) (" 'It is a fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters.' " (quoting *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1355 (11th Cir. 2005))). We will not fault counsel for failing to request a jury instruction to which Sabillo was not entitled. *See Strickland*, 466 U.S. at 692-94, 104 S. Ct. at 2067-68.

Although not controlling,[1] *Sabillo*'s analysis supports rejecting ground two as meritless.

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." CTA11 Rule 36-2.

Ground Three:

Sandoval alleges that counsel rendered ineffective assistance by not impeaching the victim with the victim's deposition testimony about whether the victim had "hung out" at Sandoval's home in the years following the incident.  Sandoval also complains that counsel failed to use a photograph depicting the victim "partying" at Sandoval's home.  The post-conviction court summarily rejected this claim (Respondent's Exhibit 32 at 40-41) (citations to record omitted):

> Defendant claims counsel was ineffective for failing to present evidence to rebut the victim's deposition testimony that he did not "hang out" or party with defendant at his home.  Specifically, defendant claims there were photos of the victim and defendant in defendant's home.  This claim is without merit.  The victim testified at trial that he did go over and party at the defendant's house.  Counsel would have had no reason to introduce the photos since the victim freely admitted he partied and visited the defendant's home.  This claim is denied.

The testimony at trial supports the post-conviction court's determination.  On direct examination, the victim testified as follows (Respondent's Exhibit 1, vol. II at 106):

> Q.    Now, there have been occasions as you were an adult that you would go over there and have what we might term "parties" over there.
>
> A.    Yeah, a drink or something like that.
>
> Q.    Okay.  With the rest of your family?
>
> A.    Yes, ma'am.

The victim's cross-examination was consistent with his direct examination (Respondent's Exhibit 1, vol. II at 110-11):

Q.   Now, since 1983 and when you became — late teens, early twenties, you would go over the Vicente's house, wouldn't you?

A.   Yes.

Q.   Okay.  And you would party with Vincente, wouldn't you?

A.   No.

Q.   You wouldn't drink with Vincente?

A.   Oh, yeah, drink with my family.

Q.   At Vincent's house?

A.   Yes.

Although Sandoval contends that the victim's deposition testimony was to the contrary, the post-conviction court determined that "[c]ounsel would have had no reason to introduce the photos since the victim freely admitted he partied and visited the defendant's home."  The victim testified consistently on both direct and cross-examination and in his final summation trial counsel used the favorable testimony to question the victim's credibility because the victim continued to frequent Sandoval's home, even as an adult.  (Respondent's Exhibit 1, vol. II at 147)  Whether to impeach the victim with either the photograph or the deposition testimony was a strategic decision.

As stated earlier when discussing a claim of ineffective assistance of counsel, strategic trial decisions are left to the discretion of trial counsel.  *Strickland*, 466 U.S. at 690-91.  The term "strategy" is broadly defined.  "By 'strategy,' we mean no more than this concept:  trial counsel's course of conduct, that was neither directly

prohibited by law nor directly required by law, for obtaining a favorable result for his client." *Chandler v. United States*, 218 F.3d at 1314 n.14. *See also Felker v. Thomas*, 52 F.3d 907, 912 (11th Cir. 1995) ("Within that wide range of reasonable professional assistance [that is constitutionally acceptable], there is room for different strategies, no one of which is 'correct' to the exclusion of all others.").

Trial counsel must decide which strategic and tactical option to pursue, such as deciding which witness to present. *See e.g., Dingle v. Sec'y, Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007) ("Even if counsel's decision [to not call a certain witness] appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'"), *quoting Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983), and *Blanco v. Singletary*, 943 F.2d 1477, 1495 (11th Cir. 1991) ("The decision as to which witnesses to call is an aspect of trial tactics that is normally entrusted to counsel."). Sandoval fails to show that the state court's rejection of his claim of ineffective assistance of counsel is an unreasonable application of *Strickland*. Ground three lacks merit.

Ground Four:

Sandoval alleges that counsel rendered ineffective assistance by erroneously advising him that he faced a maximum sentence of ten years. Sandoval serves life imprisonment. The post-conviction court conducted an evidentiary hearing and rejected this claim (Respondent's Exhibit 33 at 187):

Defendant claims counsel was ineffective for advising him that he could only be sentenced to ten years in prison if he was convicted. Defendant was charged with sexual battery, a capital felony. On cross examination at the evidentiary hearing, the defendant admitted that at least up to the time of trial he knew that he faced the maximum penalty of life in prison. Trial counsel testified that defendant was aware that he faced life in prison if convicted of sexual battery. Trial counsel's investigator, Leonard Harris, testified that he met with defendant two times before trial and that defendant knew that he faced life in prison if convicted. The court finds that defendant's testimony on this issue lacks credibility and that he was aware that he faced a life sentence if convicted of capital sexual battery. The motion as to this issue is therefore denied.

The post-conviction court accepted trial counsel's testimony over that of Sandoval. A federal court must defer to the state court's findings of fact. 28 U.S.C. § 2254(e)(1). This deference applies to credibility determinations that resolve conflicting testimony. "We must accept the state court's credibility determination and thus credit [the attorney's] testimony over [the petitioner's]. *Coulter v. Herring*, 60 F.3d 1499, 1503 (11th Cir. 1995) (applying the statutory presumption of correctness under § 2254(d) to the state court's credibility determination), *cert. denied*, 516 U.S. 1122 (1996)." *Baldwin v. Johnson*, 152 F.3d 1304, 1316 (11th Cir. 1998), *cert. denied*, 526 U.S. 1047 (1999). Sandoval presents no basis for rejecting the state court's credibility determination. Consequently, Sandoval fails to show that the state court unreasonably applied *Strickland* or unreasonably determined the facts. Ground four lacks merit.

<u>Ground Five and Seven</u>:

Sandoval asserts two claims of ineffective assistance of counsel based on Sandoval's contention that the victim accused him of the sex abuse because Sandoval

threatened to report the victim to the police for having burglarized his home.  In

ground five Sandoval's counsel erroneously informed the jury that Sandoval had no

idea why the victim was accusing Sandoval of the abuse.  In ground seven Sandoval

alleges that counsel rendered ineffective assistance by not presenting a witness who

would have testified that the victim's motive was Sandoval's threat to report the

victim for the burglary.  The post-conviction court summarily rejected these claims

(Respondent's Exhibit 32 at 41-42) (citations to record omitted):

> Defendant claims counsel was ineffective for failing to present the defense that
> the victim only accused the defendant because he had broken into the
> defendant's home and the victim only made the accusation to stay out of
> trouble for the break in.  Defendant claims counsel ignored this defense.  It is
> clear for [sic] the record that counsel was aware of this information because the
> State was prepared to present a rebuttal witness.  This witness would have
> testified that the victim told her about this incident prior to the time defendant
> alleges the victim broke into his home.  The State also informed counsel and
> court that she would present a detective who would testify that the trigger for
> the victim coming forward was a story in the paper about the defendant's
> arrest for lewd and lascivious behavior.  It is clear from the record that counsel
> knew of this possible defense and decided not to pursue it because the State
> had two rebuttal witnesses and it would have allowed the State to inform the
> jury that defendant had been arrested for lewd and lascivious behavior.
> Defendant would have been greatly prejudiced if counsel had allowed this to
> occur.  This claim is denied.
>
> . . . .
>
> Defendant claims counsel was ineffective for failing to present witnesses that
> would have testified that the victim's motive to fabricate his accusation was
> due to a break in for which the victim did not want to get into trouble.  As
> discussed under ground five, defendant's claim would have been rebutted by
> two witnesses and opened the door for the State to inform the jury that the
> defendant was arrested for lewd and lascivious behavior.  This claim is denied.

The post-conviction court recognized that trial counsel both understood the

consequent prejudice to the defense if counsel opened the door to permit the state to

present their identified rebuttal witnesses and that trial counsel reasonably chose not to open that door.  As stated earlier under the discussion of ground three, strategic trial decisions are left to the discretion of trial counsel, especially whether to present a particular witness or defense and how to present that testimony or defense.  *See, e.g., Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) ("Which witnesses, if any, to call, and when to call them, is the epitome of a strategic decision, and it is one that we will seldom, if ever, second guess.") (*en banc*), and *Stanley v. Zant*, 697 F.2d 955, 964 (11th Cir. 1983) (holding that choosing a specific line of defense to the exclusion of others is a matter of strategy).  Sandoval fails to show that the state court's rejection of his claim of ineffective assistance of counsel is an unreasonable application of *Strickland*.  Grounds five and seven lack merit.

Ground Six:

Sandoval alleges that counsel rendered ineffective assistance by not objecting to the prosecutor's closing argument, which Sandoval contends included both an incorrect statement of the law and a reference to his not testifying.  The post-conviction court summarily rejected this claim as follows (Respondent's Exhibit 32 at 41-42) (citations to record omitted):

> Defendant claims counsel was ineffective for failing to object to comments made by the State in closing argument.  Defendant alleges that the State incorrectly stated that the jury could only base their verdict on the testimony heard at trial.  Defendant's claim is without merit.  Florida Standard Jury Instructions in Criminal Cases 3.10 entitled "Rules for Deliberation" states "[t]his case must be decided only upon the evidence that you have heard from the testimony of the witnesses . . . ."  The State was not incorrect in its statements to the jury.

Defendant additionally claims that the State made an improper comment on his right to remain silent.  Defendant claims that the State argued that the jury heard the victim's testimony without any rebuttal in defense.  The State in its closing said the following:  "[t]here has been no evidence introduced in this trial that [the victim] made this up or that this did not happen."  The State had just informed the jury that the State had the burden of proving the defendant's guilt and was discussing the evidence that must be considered by the jury.  The State's comments were not improper because they were not commenting on the defendant's decision not to testify.  The State was arguing that it had overcome the presumption of innocence based on the victim's testimony and was arguing that there was no evidence presented to indicate that the victim was lying.  This claim is denied.

To prove a claim of prosecutorial misconduct, Sandoval must show that the challenged conduct was both improper and prejudicial to his substantial rights.  *Sexton v. Howard*, 55 F.3d 1557, 1559 (11th Cir. 1995).  The post-conviction court ruled that the prosecutor's remarks were not improper.  Even if improper, a remark compels habeas corpus relief only if the remark is so egregious that the proceeding is rendered fundamentally unfair.  "[I]t is not enough that the prosecutors' remarks were undesirable or even universally condemned."  *Darden v. Wainwright*, 477 U.S. 168, 181 (1986).  *See also Smith v. Phillips*, 455 U.S. 209, 219 (1982) ("[T]he touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor.").

In Florida, "wide latitude is permitted in arguing to a jury."  *Breedlove v. State*, 413 So. 2d 1, 8 (Fla. 1982).  The post-conviction court's analysis is consistent with federal practice because an allegedly improper comment must be evaluated in the context of both the prosecutor's entire closing argument and the trial as a whole.  "Claims of prosecutorial misconduct are fact-specific inquiries which must be

conducted against the backdrop of the entire record." *United States v. Hall*, 47 F.3d

1091, 1098 (11th Cir. 1995). *Accord United States v. Young*, 470 U.S. 1, 11 (1985) ("[A]

criminal conviction is not to be lightly overturned on the basis of a prosecutor's

comments standing alone, for the statements or conduct must be viewed in context;

only by doing so can it be determined whether the prosecutor's conduct affected the

fairness of the trial."). Sandoval fails to show that the state court's rejection of his

claim of ineffective assistance of counsel is an unreasonable application of *Strickland*.

Ground six lacks merit.

Ground Eight:

Sandoval did not testify at trial. Sandoval alleges that counsel rendered

ineffective assistance by not advising him about the need to testify. The post-

conviction court conducted an evidentiary hearing and rejected this claim as follows

(Respondent's Exhibit 33 at 188) (citations to record omitted):

> Defendant claims counsel was ineffective for improperly advising the
> defendant not to testify at trial. Defendant testified that he urged counsel to
> allow him to testify, but that counsel advised him that the case was won and if
> defendant testified he would destroy any chance of winning. Defendant's trial
> counsel, Kirk Campbell, testified at the evidentiary hearing that he does not
> remember specifically if he told the defendant he should not testify, but added
> that it is always the defendant's decision whether or not to testify. Mr.
> Campbell further testified that he remembers the defendant saying that he did
> not think he should testify and does remember that defendant never said that
> he wanted to testify. Mr. Campbell also testified that he was trying to keep the
> jury from hearing about the defendant's other lewd and lascivious charges.
> This court finds defense counsel's testimony on this issue to be credible. The
> court further finds that defendant's testimony on this issue lacks credibility. In
> addition, the undersigned judge reviewed the trial transcript to determine if
> Mr. Campbell discussed with defendant whether he would testify. At trial, the
> judge inquired as to whether the defendant wanted to testify. The judge asked,

> "Mr. Sandoval, you've talked to Mr. Campbell about whether or not you
> wanted to testify?" The defendant answered, "Yes, sir." The court continued,
> "And you understand that you have the right to testify?" Again, the defendant
> responded, "Yes, sir." The court concluded, "But you've elected - - after
> talking about this with Mr. Campbell, you've elected not to do that." The
> defendant answered, "Yes, sir." The trial record confirms that defendant
> made the decision not to testify at trial. Accordingly, this claim is denied.

The post-conviction court resolved this claim based on its credibility

determinations, specifically accepting trial counsel's testimony and rejecting

Sandoval's testimony. As discussed earlier under ground four, a federal court must

defer to the state court's credibility determinations that resolve conflicting testimony.

Sandoval presents no basis for rejecting the state court's credibility determinations.

Consequently, Sandoval fails to show that the state court unreasonably applied

*Strickland* or unreasonably determined the facts. Ground eight lacks merit.

Accordingly, Sandoval's petition for the writ of habeas corpus (Doc. 1) is

**DENIED**. The clerk shall enter a judgment against Sandoval and close this case.

### CERTIFICATE OF APPEALABILITY
### AND
### LEAVE TO APPEAL IN FORMA PAUPERIS

Sandoval is not entitled to a certificate of appealability. A prisoner seeking a

writ of habeas corpus has no absolute entitlement to appeal a district court's denial of

his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a

certificate of appealability ("COA"). Section 2253(c)(2) limits the issuing of a COA

"only if the applicant has made a substantial showing of the denial of a constitutional

right." To merit a certificate of appealability, Sandoval must show that reasonable

jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because Sandoval fails to show that reasonable jurists would debate either the merits of the claims, Sandoval cannot meet *Slack*'s prejudice requirement. 529 U.S. at 484. Finally, Sandoval is not entitled to appeal *in forma pauperis* because he is not entitled to a certificate of appealability.

Accordingly, a certificate of appealability is **DENIED**. Leave to proceed *in forma pauperis* on appeal is **DENIED**. Sandoval must pay the full $455 appellate filing fee without installments unless the circuit court allows Sandoval to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on October 5, 2012.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE